**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **John Robinson,** | Civil Action No. 13-6976 (KM) |
| Petitioner, | |
| v. | OPINION |
| **J.T. Shartle,** | |
| Respondent. | |

APPEARANCES:

    John Robinson, pro se
    #21207-058
    F.C.I. Fairton
    P.O. Box 420
    Fairton, NJ 08320

    Carolyn A. Murray
    Acting Essex County Prosecutor
    Essex County Veterans' Courthouse
    50 W. Market Street
    Newark, NJ 07102

**MCNULTY, District Judge**

    The petitioner, John Robinson, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition"), challenging his 1992 conviction by the State of New Jersey for second-degree possession of cocaine with intent to distribute, N.J. STAT. ANN. § 2C:35-5b(2). He is currently confined at FCI Fairton, in Fairton, New Jersey, as a result of a conviction unrelated to that 1992 conviction. On May 5, 2014, the respondent, J.T. Shartle, filed an Answer with the Court arguing that the petition is time-barred. For the reasons expressed below, this Court will dismiss the Petition as untimely and deny a certificate of appealability.

## I. BACKGROUND

Following a jury trial in 1992, Mr. Robinson pled guilty to second-degree possession of with intent to distribute cocaine, N.J. STAT. ANN. § 2C:35-5b(2). (*See* ECF No. 14-10 at 2.) In accordance with the plea agreement, Mr. Robinson was sentenced to a seven-year prison term, to run concurrently with another sentence he was serving at the time. (*See* ECF No. 14-6.) Mr. Robinson did not file a direct appeal from the 1992 conviction. Sixteen years later, in 2008, Mr. Robinson was arrested on federal drug charges in North Carolina, to which he pled guilty. In an unpublished opinion, the Fourth Circuit affirmed Petitioner's guilty plea and the resulting twenty-two year sentence. *United States v. Robinson*, 297 F. App'x 278 (4th Cir. 2008).

On May 7, 2010, Petitioner filed a petition for post-conviction relief ("PCR") as to his 1992 guilty plea, arguing that he received ineffective assistance of counsel. (*See* ECF No. 14-8 at 37.) On July 29, 2011, the New Jersey PCR court denied relief in an oral opinion. (*See* ECF No. 14 at 8.) The Appellate Division affirmed that denial, *State v. Robinson*, No. 91-07-3533, 2013 WL 439867 (N.J. Super. Ct. App. Div. Feb. 6, 2013), and the New Jersey Supreme Court denied certification on September 11, 2013, *State v. Robinson*, 73 A.3d 513 (N.J. 2013).

On November 18, 2013, Mr. Robinson filed this federal Petition for a Writ of Habeas Corpus, in which he argues that he received ineffective assistance of counsel during his plea negotiations in 1992. (*See* ECF No. 1.) In his Answer, the Respondent has raised the affirmative defense that the petition was untimely. Petitioner had 45 days to file a reply, but he has not done so. For the reasons stated below, I find that the habeas petition was not filed within the 1-year limitations period, and it is therefore denied as untimely.

## II. DISCUSSION

A. Standards Governing Habeas Relief

Section 2254 of Title 28 of the United States Code provides that the district court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A petitioner has the burden of establishing each claim in the petition. *See Eley v. Erickson*, 712 F.3d 837, 846 (3d Cir. 2013). Under 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), federal courts in habeas corpus cases must give considerable deference to determinations of the state trial and appellate courts. *See Renico v. Lett*, 599 U.S. 766, 772 (2010).

Section 2254(d) sets the standard for granting or denying a writ of habeas corpus. The statute reads as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

3

B. Timeliness of the Petition

Respondent argues in his Answer that Petitioner's petition must be dismissed because it is untimely. (*See* ECF No. 14 at 26.) I agree.

In 1996, Congress enacted AEDPA, which provides that "[a] 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). That limitations period begins to run when the criminal judgment becomes "final."[1] A state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) at the conclusion of direct review or by the expiration of time for seeking such review, including the 90–day period for filing a petition for writ of certiorari in the Supreme Court of the United States. *See Swartz v. Meyers*, 204 F.3d 417, 419 (3d Cir. 2000); *Morris v. Horn*, 187 F.3d 333, 337 n.1 (3d Cir. 1999); U.S. SUP.CT. R. 13; *see also* N.J. CT. R. 2:4-1(a) ("Appeals from final judgments of courts ... shall be taken within 45 days of their

---

[1] The statute states in full that the limitation period shall run from the latest of —

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence ....

28 U.S.C. § 2244(d)(1). There is no indication in the Petition that any subsection other than (A) is applicable here.

4

entry"); 28 U.S.C. § 2244(d)(1)(A) (the 1-year period begins on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review"). When, on direct appeal, a defendant does not file a petition for certiorari with the United States Supreme Court, AEDPA's 1-year limitations period starts to run when the time for seeking such review expires. *See Gonzalez v. Thaler*, 132 S. Ct. 641, 653 (2012); *Clay v. U.S.*, 537 U.S. 522, 532 (2003); *Morris*, 187 F.3d at 337 n.1 (holding that the period of direct review "include[s] the 90–day period for filing a petition for writ of certiorari in the United States Supreme Court").

*One year limitation period.* Judgment was entered on Mr. Robinson's conviction in 1992. He did not file a direct appeal. Judgment therefore became final at the expiration of the 45-day deadline to appeal to the Appellate Division. *See* N.J. CT. R. 2:4-1(a).[2] This habeas petition was not filed until November 18, 2013. Unless the limitations period was tolled, this habeas filing came twenty years too late.

*Statutory tolling.* The filing of a petition for post-conviction relief ("PCR") may statutorily toll (*i.e.*, suspend) the running of the 1-year habeas limitations period. *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.").[3] But Mr. Robinson did not file

---

[2] Failure to file a direct appeal to the Appellate Division cut off any possibility of further review by certification to the New Jersey Supreme Court, or certiorari to the U.S. Supreme Court. Even tacking on those hypothetical deadlines, however, would at most add a few months durgin which the judgment remained non-final, not nearly enough to make any difference here. *See* N.J. Stat. Ann. 2:12-3 (notice of petition for certification must be filed within 20 days); U.S. Sup. Ct. R. 13(1) (petition for writ of certiorari must be filed within 90 days).

[3] That suspension, or tolling, starts at the time the PCR petition is "properly filed." If an appeal from the denial of PCR is not filed, the tolling lasts until the expiration of the time to file such an appeal. *See Swartz*, 204 F.3d at 420–24. If an appeal is filed, the tolling operates during the period between the lower state court's PCR decision and the filing of the notice of appeal. *Carey v. Saffold*, 536 U.S. 214

5

his PCR petition until May 7, 2010, many years after the 1992 conviction became final. When he filed the PCR petition, the 1-year habeas limitation period had already expired some seventeen years ago. A timely PCR petition will suspend the running of the 1-year period; it will not, however, revive a 1-year period that has already expired. *Long v. Wilson*, 393 F.3d 390, 394–95 (3d Cir. 2004) ("The state habeas petition had no effect on tolling, because an untimely state post-conviction petition is not properly filed for purposes of tolling and, in any event, the limitations period had already run when it was filed..").[4] Statutory tolling, then, does not render this petition timely.

*Equitable tolling.* A petitioner also may be able to overcome the time bar if he can show a basis for equitable tolling. "Generally, a litigant seeking equitable tolling [of the AEDPA statute of limitations] bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see also Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 89 (3d Cir. 2013). "There are no bright lines in determining whether equitable tolling is warranted in a given case." *See Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011). The Third Circuit has explained that "equitable tolling is appropriate when principles of equity would make rigid application of a limitation period unfair, but that a court should be

---

(2002). And the tolling continues to operate until the PCR denial becomes final by the exhaustion of appeals. *See Long v. Wilson*, 393 F.3d 390, 394 (3d Cir. 2004).

[4] *See also Saunders v. Lamas*, No. 12-1123, 2013 WL 943351, at *5 (E.D. Pa. Feb. 3, 2013) (Magistrate Judge rules that PCR petition was filed after the expiration of AEDPA's one-year limitations period, making statutory tolling inapplicable) (citing *Pace v. DiGuglielmo*, 544 U.S. 408 (2005)), *report and recommendation adopted by* 2013 WL 943356 (E.D. Pa. Mar. 11, 2013); *Shoatz v. DiGuglielmo*, No. 07-5424, 2011 WL 767397, at *1 n.2 (E.D. Pa. Feb. 25, 2011) ("Because all of petitioner's subsequent PCRA petitions were filed after his one-year limitation period expired . . . none of these filings entitle petitioner to statutory tolling, regardless of their disposition.").

sparing in its use of the doctrine." *Ross v. Varano*, 712 F.3d 784 (3d Cir. 2013) (citing *Pabon*, 654 F.3d at 399; *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999)).

For equitable tolling, the Third Circuit has required a showing of reasonable diligence:

> The diligence required for equitable tolling purposes is reasonable diligence, not maximum, extreme, or exceptional diligence. *Holland*, 130 S.Ct. at 2565. "This obligation does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period appellant is exhausting state court remedies as well." *LaCava v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005).... The fact that a petitioner is proceeding pro se does not insulate him from the "reasonable diligence" inquiry and his lack of legal knowledge or legal training does not alone justify equitable tolling. *See Brown v. Shannon*, 322 F.3d 768, 774 (3d Cir. 2003).

*Ross*, 712 F.3d 784. Extraordinary circumstances may be found where: (1) the petitioner has been actively misled; (2) the petitioner has in some extraordinary way been prevented from asserting his rights; or (3) where the petitioner has timely asserted his rights in the wrong forum. *See Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001) (citing *Jones*, 195 F.3d at 159). However, "[i]n non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." *Id.* (citations omitted).

Mr. Robinson's conviction became final in 1992. He filed his PCR petition seventeen years later; he filed his habeas petition 20 years later. Mr. Robinson has filed no response to the Respondent's contention that his habeas petition is untimely. Nothing in Mr. Robinson's papers states or implies that he exercised reasonable diligence, or that some extraordinary circumstance obstructed his filing of his claims. Nothing in the record suggests that the interests of justice would be served by addressing the merits of the Petition. *See Day*, 547 U.S. at 210. This habeas petition will therefore be dismissed as untimely.

### III. CERTIFICATE OF APPEALABILITY

AEDPA provides that an appeal may not be taken to the Court of Appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability stating that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), the United States Supreme Court held: "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* This Court denies a certificate of appealability because jurists of reason would not find it debatable that this petition is untimely.

### IV. CONCLUSION

Based on the foregoing, the Court will dismiss the petition as untimely and will not issue a certificate of appealability. An appropriate Order will be entered.

Dated: November 24, 2015

_____
Kevin McNulty, U.S.D.J.